LEMMON, Judge,
concurs and assigns reasons.
Plaintiff has alleged a single set of facts in his petition, but has set forth alternative theories of recovery under those facts. For the purposes of the exception of no cause of action, we must accept the pleaded facts as true.
Under the pleaded facts plaintiff was an employee as a matter of law and is entitled to recover compensation benefits if he can prove these facts at trial (and can prevail against defendants’ affirmative defense, which apparently is the reason benefits are not being paid). Therefore, the petition states a cause of action.
If plaintiff were being paid workmen's compensation and had filed this suit only to recover tort damages, I would be inclined to hold that the facts alleged in the petition do not state a cause of action for which relief can be granted (because under those facts plaintiff was an employee as a matter of law). However, when a petition states a cause of action as to any ground or portion of the demand, or in any respect, the exception of no cause of action should be overruled and the entire case tried on the merits. Louisiana & Ark. Ry. v. Goslin, 258 La. 530, 246 So.2d 852 (1971). Employment of the exception of no cause of action to decide a dispute as to relief under one theory of recovery does not serve a useful purpose when a complete trial on the merits will still be required to determine whether plaintiff is entitled to the relief under another theory of recovery for which the petition does state a cause of action.
Accordingly, while I tend to agree with the basis of defendant’s argument and the trial judge’s conclusion, I concur in overruling the exception.